UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CHAD KADRI STERN,
 Appellant,

v.

DEPARTMENT OF THE ARMY,
 Agency.

DOCKET NUMBER
NY-1221-20-0098-W-1

DATE:  April 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chad Kadri Stern, Pensacola, Florida, pro se.

Joseph A. Fedorko, Esquire, Washington, D.C., for the agency.

Lane Reeder, Fort Drum, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to (1) supplement the administrative judge's analysis of the appellant's hostile work environment claim in light of recent Board precedent; (2) find that the appellant established a prima facie case of retaliation for protected activity; and (3) find that the agency proved by clear and convincing evidence that it would have terminated the appellant's authorization to telework in the absence of his protected activity, we AFFIRM the initial decision.

The appellant filed a complaint with the Office of Special Counsel (OSC) in 2019 in which he alleged that the agency had taken a number of personnel actions in retaliation for his protected disclosures and activities. Initial Appeal File (IAF), Tab 14 at 27-42. In December 2019, OSC informed the appellant of its preliminary determination to close its investigation into his complaint. *Id.* at 53-57. In February 2020, after the appellant had responded to its preliminary determination, OSC issued a final determination letter closing its investigation and notifying the appellant of his right to file an IRA appeal with the Board. *Id.* at 58-60.

The appellant filed this IRA appeal in February 2020. IAF, Tab 1. He initially requested a hearing, *id.* at 2, but he later withdrew that request and instead requested a decision on the written record, IAF, Tab 40 at 3. The

administrative judge accepted the following three personnel actions for adjudication in this appeal, to the exclusion of all others: (1) the incorrect processing of the appellant's probationary period; (2) the removal of the appellant's authorization to telework; and (3) a hostile work environment. IAF, Tab 30 at 2. In the initial decision, the administrative judge found that any error by the agency regarding the appellant's probationary period was *de minimis* and therefore not a covered personnel action. IAF, Tab 48, Initial Decision (ID) at 6-7. She further found that the appellant's allegations, even if taken as true, did not reach the level of a hostile work environment that would constitute a covered personnel action. ID at 7-8. She found that the discontinuation of the appellant's telework was a covered personnel action but that he failed to prove that action was motivated by any protected disclosures or activities. ID at 8-14. She therefore denied the appellant's request for corrective action. ID at 14.

After successfully requesting an extension of time, the appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tabs 1-3. He challenges a number of the administrative judge's specific findings in the initial decision. PFR File, Tab 3 at 7-19. The agency has responded in opposition to the petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans*

*Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Salerno*, 123 M.S.P.R. 230, ¶ 5. If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure or activity. *Id.*; *see* 5 U.S.C. § 1221(e)(1)-(2).

The appellant established that he was subjected to a personnel action.

The administrative judge found that the removal of the appellant's authorization to telework was a personnel action but that neither the incorrect processing of his probationary period nor the alleged hostile work environment met the statutory standard. ID at 6-9. For the reasons set forth below, we agree with the administrative judge's findings.

Regarding the appellant's probationary period, the agency initially coded the appellant's August 2019 conversion from the excepted service to the competitive service in such a way that the Standard Form 50 (SF-50) documenting that conversion indicated that he was required to serve an additional 2-year probationary period. IAF, Tab 46 at 4, Tab 14 at 10. After determining that the appellant had in fact already completed his probationary period, the agency issued a corrected SF-50 effective the same day as the original conversion. IAF, Tab 46 at 4, Tab 14 at 13. The corrected document indicates that the appellant is a permanent competitive service employee and that his probationary period has been completed. IAF, Tab 14 at 13.

Under both the WPEA and its predecessor, the Whistleblower Protection Act (WPA), a "personnel action" is defined to include, among other enumerated actions not relevant here, "any other significant change in duties, responsibilities,

or working conditions."[2]  5 U.S.C. § 2302(a)(2)(A)(xii).  We agree with the administrative judge that the agency's temporary failure to correctly document the appellant's completion of his probationary period does not meet the statutory definition of a personnel action.  The fact that the appellant's SF-50 incorrectly indicated that he was still required to serve a probationary period before it was corrected retroactively does not constitute a significant change in his duties, responsibilities, or working conditions.

Although the term "hostile work environment" has a particular meaning in other contexts, the Board has clarified that such a claim can constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii) when the components of the claim amount to a significant change in duties, responsibilities, or working conditions.  *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16. Thus, although the "significant change" personnel action should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii).  *Skarada*, 2022 MSPB 17, ¶ 16.

In the initial decision, the administrative judge, who did not have the benefit of the Board's decision in *Skarada*, relied, in part, on case law relevant to establishing a hostile work environment under Title VII.  ID at 7-8.  In light of *Skarada*, however, reliance on Title VII standards to determine whether agency actions amount to a personnel action that may be the subject of an IRA appeal is incorrect.  *See Skarada*, 2022 MSPB 17, ¶ 16.  Accordingly, we modify the administrative judge's analysis of the appellant's hostile work environment claim consistent with *Skarada*.

---

[2] The relevant events occurred after the December 27, 2012 effective date of the WPEA. Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476.  Therefore, we have applied the WPEA to this appeal.

Although the administrative judge did not have the benefit of *Skarada*, we find no basis to disturb her findings regarding the appellant's hostile work environment claim. Specifically, we agree with the administrative judge that the essence of the appellant's hostile work environment claim is that the agency failed to adequately investigate allegations regarding a dispute between the appellant's wife and her employing agency, thereby creating a hostile work environment for the appellant. ID at 7-8. We agree with the administrative judge that these claims are insufficient to create an actionable hostile work environment.[3]

We see no reason to disturb the administrative judge's finding that the termination of the appellant's authorization to telework was a personnel action. ID at 8-9. We therefore turn to whether the appellant established that he made a protected disclosure or engaged in protected activity that was a contributing factor in that personnel action.

<u>The appellant established that he engaged in protected activity that was a contributing factor in the termination of his authorization to telework.</u>

The administrative judge found that the appellant failed to prove that any of his disclosures were protected under 5 U.S.C. § 2302(b)(8). ID at 9-14. We see no reason to disturb those findings. However, we find that the appellant did prove that he engaged in protected activity under 5 U.S.C. § 2302(b)(9).

Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he discloses information to the agency's Office of Inspector General (OIG) (or any other component responsible for internal investigation or review) or OSC "in accordance with applicable provisions of law." Here, the record reflects that the appellant filed a complaint with OIG in July 2018. IAF, Tab 12 at 5. The

---

[3] Having found that the agency's error regarding the appellant's probationary period is not itself a personnel action, we have considered whether it contributed to a hostile work environment. However, we find that consideration of that additional action does not alter our conclusion that the appellant failed to establish a hostile work environment under *Skarada*.

record also reflects that the appellant filed an OSC complaint in October 2019. IAF, Tab 14 at 27-52.[4] The Board recently held that, under the broadly worded provision of 5 U.S.C. § 2302(B)(9)(C), any disclosure of information to OIG or OSC is protected regardless of its content as long as such disclosure is made in accordance with applicable provisions of law. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. Thus, we find that the appellant established that he engaged in activity protected under 5 U.S.C. § 2302(b)(9)(C) when he filed both his July 2018 OIG complaint and his October 2019 OSC complaint.[5]

The most common way for an appellant to prove that a protected disclosure or activity was a contributing factor in the agency's taking of a personnel action is the knowledge/timing test. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 21 (2016). That test requires the appellant to prove that the official taking the personnel action knew of the protected disclosure or activity and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* Once the appellant has satisfied the knowledge/timing test, he has demonstrated that a protected disclosure or activity was a contributing factor in a personnel action, even if a complete analysis of all of the evidence would not support such a finding. *Gonzalez v. Department of Transportation*, 109 M.S.P.R. 250, ¶ 20 (2008).

---

[4] The copy of the OSC complaint in the record does not indicate the specific date on which it was filed. The appellant indicated in his initial appeal that he filed the OSC complaint on October 30, 2019. IAF, Tab 1 at 4. That date is consistent with other evidence in the record. Specifically, the appellant sent an email to agency officials on October 30, 2019, attaching his OSC complaint and some of the supporting documentation he submitted to OSC. IAF, Tab 5 at 4-6. Additionally, in his November 15, 2019 memorandum terminating the appellant's telework status, the deciding official indicated that the appellant had informed the deciding official on November 4, 2019, that he had been in contact with OSC. IAF, Tab 14 at 72. The appellant added the termination of his telework status to his OSC complaint on November 15, 2019. IAF, Tab 7 at 6-8.

[5] The portion of the appellant's OSC complaint alleging reprisal for protected disclosures also is protected under 5 U.S.C. § 2303(b)(9)(a)(i).

We find that the knowledge/timing test is satisfied with respect to the appellant's OSC complaint. In the November 15, 2019 memorandum terminating the appellant's telework status, the deciding official acknowledged that he was made aware of the appellant's contact with OSC less than 2 weeks earlier. IAF, Tab 14 at 72. This is well within the amount of time the Board has recognized as sufficiently short to satisfy the knowledge/timing test. *See Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 22 (2010) (holding that a personnel action taken within 1 or 2 years of a protected disclosure is sufficiently close in time to satisfy the timing prong of the knowledge/timing test). Accordingly, we conclude that the appellant has established a prima facie case that the termination of his approval for telework was in retaliation for his OSC complaint.

<u>The agency proved by clear and convincing evidence that it would have terminated the appellant's authorization to telework in the absence of his protected activity.</u>

Having found that the appellant failed to prove his prima facie case of retaliation, the administrative judge did not address whether the agency proved by clear and convincing evidence that it would have terminated the appellant's authorization to telework in the absence of his protected activity. Because the record is fully developed and there was no hearing requiring demeanor-based credibility determinations, the Board can determine whether the agency met its burden without remand. *See Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 27 (2016).

In determining whether an agency has met its burden to prove that it would have taken a personnel action in the absence of an employee's protected activity, the Board will consider all relevant factors, including the following: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who do not engage in such protected activity, but who

are otherwise similarly situated. *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 14 (2015); *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board must consider all the pertinent evidence in the record, and must not exclude or ignore countervailing evidence by only looking at the evidence that supports the agency's position. *Alarid*, 122 M.S.P.R. 600, ¶ 14; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1367-70 (Fed. Cir. 2012). The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole. *Alarid*, 122 M.S.P.R. 600, ¶ 14; *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).

Because the personnel action at issue in this appeal is not disciplinary in nature, *Carr* factor one does not apply straightforwardly to this case. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 23. Instead, it is appropriate to consider the broader question of whether the agency had legitimate reasons for its action. *Id.* We find that the agency had legitimate reasons for its decision to terminate the appellant's authorization to telework. As the deciding official noted, the appellant generally was not authorized to telework. IAF, Tab 14 at 73. However, when the appellant raised safety concerns about reporting to work in November 2019, his first-level supervisor authorized him to telework on an ad hoc basis while the agency considered his concerns. *Id.* The appellant submitted a memorandum dated November 4, 2019, setting forth his safety concerns. *Id.* at 69-71. By memorandum dated November 15, 2019, the deciding official informed the appellant that, although he was sympathetic to the appellant's concerns, he had not "describe[d] any reasonable, substantive information of an actual threatening or unsafe condition" that would warrant his continued absence from the workplace. *Id.* at 72. He therefore directed the appellant to return to the workplace the following week. *Id.*

We find that the deciding official's decision was entirely reasonable in light of the appellant's memorandum. Many of the appellant's claims therein are vague, speculative, and do not raise concerns for the appellant's physical safety in the workplace. The appellant acknowledged in an email to OSC that the deciding official had asked him to give specific reasons why he felt unsafe but that he found it difficult to provide "a simple answer" to that inquiry. IAF, Tab 7 at 6. The most concrete claim the appellant made regarding physical safety in the workplace involves a claim that a coworker of the appellant's wife made comments regarding carrying a concealed weapon at the workplace. However, the appellant and his wife had raised that concern in 2017, and the agency had investigated it at the time and could not substantiate any threat to the appellant or his wife. *Id.* at 107-08, 112-13. We therefore find it is not a compelling reason to permit the appellant to continue teleworking indefinitely in November 2019. While the appellant genuinely may have felt unsafe in the workplace, we find that he did not provide sufficient grounds for the agency to authorize him to telework due to safety concerns. We therefore find that the first *Carr* factor weighs strongly in favor of finding that the agency met its burden.

Turning to the second *Carr* factor, we find that although there was some motive to retaliate against the appellant for his OSC complaint, such motive was not particularly strong. In assessing this factor, we are mindful of the U.S. Court of Appeals for the Federal Circuit's instruction that the Board should avoid an overly restrictive analysis and should fully consider whether a motive to retaliate can be imputed to the agency officials involved and whether those officials possessed a "professional retaliatory motive" because the whistleblower's disclosures implicated agency officials and employees in general. *Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1019 (Fed. Cir. 2019); *Whitmore*, 680 F.3d at 1370.[6] We also must consider the appellant's protected activity in the

---

[6] Historically, the Board has been bound by the precedent of the Federal Circuit on this issue. However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012 (Pub. L. No. 112-199, 126 Stat 1465), extended for 3 years

context of the tense relationship between the appellant and the agency. *See Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 16. The appellant had been raising issues and filing various complaints for at least 2 years at the time the agency terminated his authorization to telework, and that history may have added to the agency's retaliatory motive.

Nevertheless, the deciding official did not have a strong personal motive to retaliate against the appellant. In his October 2019 OSC complaint, the appellant identified a number of agency officials who he alleged were involved in violations of law, rule, or regulation, IAF, Tab 14 at 47, and taking retaliatory personnel actions, *id.* at 37. The official who terminated his authorization to telework in November 2019 was not among those identified. Thus, although the deciding official had some motive to retaliate based on his status as a management official, that motive was not as strong as it might have been because he was not personally implicated in the appellant's OSC complaint. Accordingly, we find that the second *Carr* factor weighs against finding that the agency met its burden, albeit not particularly strongly.

The agency did not present any evidence regarding its treatment of similarly situated non-whistleblowers. While the agency does not have an affirmative burden to produce evidence concerning each and every *Carr* factor, the Federal Circuit has held that "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis," but that the failure to produce such evidence if it exists "may be at the agency's peril," and "may well cause the agency to fail to prove its case overall." *Whitmore*, 680 F.3d at 1374-75; *Soto*, 2022 MSPB 6, ¶ 18. Here, the deciding official indicated that he "ha[d] not had the occasion to make a similar decision with respect to any other employee." IAF, Tab 46 at 7. Given the unusual nature of the personnel

---

(All Circuits Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894), and eventually made permanent (All Circuits Review Act, Pub. L. No. 115-195, 132 Stat. 1510), we must consider this issue with the view that the appellant may seek review of this decision before any appropriate court of appeal. *See* 5 U.S.C. § 7703(b)(1)(B).

action at issue in this case, we find it unsurprising that the agency has no comparator evidence. Thus, although the absence of evidence regarding *Carr* factor three means that factor cannot weigh in favor of the agency, *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019), we find that *Carr* factor three is neutral in this case.

Considering the *Carr* factors as a whole, we find that the agency met its burden to show by clear and convincing evidence that it would have terminated the appellant's authorization to telework in the absence of his protected activity. We find that the strong justification for the agency's action significantly outweighs any retaliatory motive. We therefore deny the appellant's request for corrective action.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.